IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GREGORY K. CLINTON,**

    **Plaintiff,**

v.                                         **CIVIL ACTION NO. 2:08cv21**
                                                **(Judge Maxwell)**

**STONEWALL JACKSON MEMORIAL HOSPITAL, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this action against the above-named defendant(s)[1] on January 22, 2008 complaining the defendants committed medical malpractice by improperly performing a simple operation to remove a hernia which left his stomach permanently disfigured. As relief, the plaintiff seeks $1,000,00.00 in damages. The plaintiff was granted leave to proceed *in forma pauperis* on February 4, 2008. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01 and 28 U.S.C. §1915(e) and 1915A.

**I. STANDARD OF REVIEW**

Because plaintiff is a prisoner[2], the Court must review the complaint to determine whether is it frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

---

[1]The plaintiff names no other specific defendants other than Stonewall Jackson in the style of his case although he adds the phrase, et al. In the body of his complaint, he refers to the employees and agents of Stonewall Jackson Memorial Hospital but names no individual defendant.

[2]At the time the plaintiff filed his complaint, he was incarcerated in the Gilmer Federal Correctional Institution which is located in Glenville, West Virginia. Currently, the plaintiff is incarcerated at the Eastern Regional Jail in Martinsburg, West Virginia.

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327.

**II. ANALYSIS**

The plaintiff alleges that the defendant(s) have deprived him of his rights and raises a claim under 42 U.S.C. § 1983 which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). However, it is clear that Stonewall Jackson Memorial Hospital is not a "person" for purposes of 42 U.S.C. § 1983, and because the plaintiff names no other defendant, this case should be dismissed with prejudice. See Brooks v. Pembroke City Jail, 722

F.Supp. 1294, 1301 (E.D.N.C. 1989)(claims under § 1983 are directed at 'persons" therefore, a jail, or the like, is not amendable to suit.

In addition, to the extent that the plaintiff is seeking to establish a medical negligence claim, he must comply with West Virginia law and establish that:

> (a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (b) such failure was a proximate cause of the injury or death.

W.Va. Code § 55-7B-3. When a medical negligence claim involves an assessment of whether or not the plaintiff was properly diagnosed and treated and/or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required. Banfi v. American Hospital for Rehabilitation, 529 S.E.2d 600, 605-606 (2000).

Additionally, under West Virginia law, certain requirements must be met before a health care provider may be sued. W.Va. Code §55-7B-6. This section provides in pertinent part:

> **§ 55-7B-6. Prerequisites for filing an action against a health care provider; procedures; sanctions**
> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening

certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

This Court previously held that compliance with W.Va. Code §55-7B-6 is mandatory prior to filing suit in federal court. See Stanley v. United States, 321 F.Supp.2d 805, 806-807 (N.D.W.Va. 2004).[3]

With regard to the appropriate standard of care, plaintiff has completely failed to sustain his burden of proof. Plaintiff does not assert, much less establish, the standard of care for the diagnosis or treatment of a hernia.[4] Under the circumstances of this case, plaintiff would be required to produce the medical opinion of a qualified health care provider in order to raise any genuine issue of material fact with respect to the defendant(s)' breach of the duty of care. Moreover, there is nothing in the complaint which reveals that the plaintiff has met the requirements of W.Va. Code §55-7B-6. Accordingly, even if this court has supplemental jurisdiction over the plaintiff's state law claims for medical malpractice, summary dismissal is appropriate.

## III. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the complaint be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim, and that the defendant, Stonewall Jackson Memorial Hospital's Motion to Dismiss, on in the alternative for

---

[3] In Stanley, the plaintiff brought suit against the United States alleging that the United States, acting through its employee healthcare providers, was negligent and deviated from the "standards of medical care" causing him injury.

[4] Plaintiff offers no pleadings, affidavits, or declarations from any medical professional that establishes the applicable community standards for the diagnosis or treatment of a hernia.

Summary Judgement (Doc 8) be **DENIED AS MOOT**[5]**.**

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected in Document 13. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: July 18, 2008

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[5] Among its arguments that this case should be dismissed, the defendant asserts that the plaintiff did not properly serve the summons in this matter. However, because the plaintiff was granted leave to proceed *in forma pauperis*, had his complaint survived the initial screening, he would have been entitled to service through the U.S. Marshall Service. Furthermore, although the defendant raises as alterative defenses some of the same issues addressed in this Report and Recommendation, the Motion was prematurely filed.